07-5190-cv
*Sompo Japan Insurance Company of America v. Union Pacific Railroad Company*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a  stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of August, two thousand ten,

PRESENT:
> Robert A. Katzmann,
> Barrington D. Parker,
> > *Circuit Judges.*[*]

Docket No.  07-5190

_____

Sompo Japan Insurance Company of America,

*Plaintiff-Appellee*,

— v .—

Union Pacific Railroad Company,

*Defendant-Appellant*.

---

[*]The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009.  The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2nd Cir. I.O.P.E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahaon, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REVERSED** and **REMANDED** to the District Court for further proceedings**.**

Defendant Union Pacific Railroad Company ("Union Pacific") appealed from an amended judgment granting plaintiffs' motion for partial summary judgment, which we affirmed. *Sompo Japan Ins. Co. v. Union Pac. R.R. Co.*, No. 03 Civ. 1604 (S.D.N.Y. Oct. 22, 2007); *Sompo Japan Ins. Co. v. Union Pac. R.R. Co.*, 341 F. App'x 707 (2d Cir. 2009). Union Pacific subsequently filed a petition for a writ of certiorari. The Supreme Court granted Union Pacific's petition, vacated our judgment, and remanded the cause for further consideration in light of *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S. Ct. 2433 (2010). *See* 78 U.S.L.W. 3418 (U.S. June 28, 2010). We assume the parties' familiarity with this case's underlying facts and procedural history.

In July 2002, Kubota Tractor Company ("Kubota") shipped thirty-two tractors from Tokyo, Japan through Los Angeles, California for on-carriage to Swanee, Georgia. Kubota contracted with ocean carrier Mitsui OSK Line Ltd. ("MOL") for the movement, and MOL issued three through bills of lading that covered the cargo's ocean and land transport from Japan to Georgia. Clause 29 of the through bills of lading provided for the application of the Carriage of Goods by Sea Act ("COGSA"), note following 46 U.S.C.§ 30701, to the ocean portion of the movement. Clause 29 also extended COGSA's reach beyond the ocean portion of the movement, stating that "Carrier shall be entitled to the benefits of the defences and limitations in

US COGSA, whether the loss or damage to the Goods occurs at sea or not." Clause 29 also stated that "[i]f the US COGSA applies . . . neither the Carrier nor the Vessel shall, in any event, be or become liable for any loss or damage to or in connection with the Goods in any amount exceeding $500.00 per package . . . . " Though Kubota had the opportunity to ship the cargo at full value liability rates, Kubota opted to ship the tractors for a lower freight rate in exchange for the $500 per package limitation of liability. Kubota purchased insurance from Sompo.

MOL contracted with CBX Intermodal ("CSXI") to arrange for the inland portions of the movement from Los Angeles to Georgia and CSXI subsequently subcontracted with Union Pacific Railroad Company ("Union Pacific") to perform the rail carriage for that portion of the movement. Thus, following the tractors' ocean carriage from Japan, Union Pacific received the tractors in Los Angeles and commenced to carry them, by rail, to Swanee. In Texas, the Union Pacific train carrying the tractor cargo derailed, damaging the tractors. Pursuant to its insurance policy, Kubota collected the full value of the tractors from Sompo. Sompo, as subrogee, sued Union Pacific to recover that payment, arguing that Union Pacific was liable for the full amount of losses pursuant to the Carmack Amendment to the Interstate Commerce Act of 1887 (the "Carmack Amendment"), 49 U.S.C. § 11706. Union Pacific defended on the ground that the through bills of lading extended to it the limited liability provisions set forth in COGSA, thereby capping its liability at $500 per package.

In *Regal-Beloit*, the Supreme Court held that the Carmack Amendment "does not apply to a shipment originating overseas under a single through bill of lading." *Regal-Beloit*, 130 S. Ct. at 2442. Since Union Pacific was not a receiving rail carrier within the meaning of the Carmack Amendment, *see id.* at 2444, pursuant to *Regal-Beloit* and our subsequent decision in *Royal & Sun Alliance Insurance, PLC v. Ocean World Lines, Inc.*, ___ F.3d___, 2010 WL

2813650 (2d Cir. July 20, 2010), the through bills of lading extended COGSA's $500 liability limitation to Union Pacific.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK